*377
 
 On Rehearing.
 

 BRUNOT, J.
 

 The case is accurately stated and the status of the plaintiffs and defendants, with respect to all of their legally enforceable rights, is correctly fixed in our original opinion, to which we adhere, in all respects, except as to the validity of the titles of the vendees of Frances Morris and of her children. A closer scrutiny of the multiplicity of pleas found in the record discloses that only one of the defendants, Lizzie Bell Rachel, pleaded estoppel, and that this plea is based, solely, upon the ground that the Third judicial district court had rendered a judgment recognizing the pleader as a legal heir of Jim Morris and Frances Morris. The record also shows that, before answering the suit, -Lizzie Bell Rachel conveyed all of her interest in the property sued for to J. J. Meyers, and, although the judgment was adverse to the claims of J. J. Meyers, as assignee of Lizzie Bell Rachel, Meyers did not appeal therefrom.
 

 Finding that no one of the appellants pleaded estoppel and that the proof offered does not sufficiently broaden the pleadings to supply the omission of that plea, the titles of the appellant vendees cannot be sustained upon the ground that plaintiffs were estopped by their laches, from attacking those titles, and, for that reason, the vendees derived their titles from the true owners and not from the concubine and bastard offspring of Jim Morris, deceased.
 

 The trial judge has thoroughly and accurately reviewed the facts of the case and has properly applied the law thereto. We think the judgment of the district court is correct.
 

 It is therefore ordered that our original decree be avoided and it is now decreed that the judgment appealed from be and it is hereby affirmed, appellants to pay the costs of the appeal. The right is reserved to appellants to apply for a rehearing.